The PRESIDENT
delivered the opinion of the court.
The issue directed in this cause, was intended to satisfy the conscience of the Chancellor. It appears that his conscience was satisfied, and there is no doubt, but that his decree was formed in strict conformity with the conviction thereby produced. But as this court has the power of examining and correcting his decrees, we must be guided by the same conscienscious principles; and if we are not satisfied with the award, we must pronounce, that he ought not to have been satisfied. Eor myself, I am so far from being satisfied that the price is rightly fixed, that I feel the fullest conviction on my mind of the contrary.
But the difficulty is, how we are to discover the principles upon which the decision of fhe referees was really made; and how the subject is to come before the court? If we consider the persons chosen by the parties in the light of arbitrators, and that the objection is made on the ground of mistake, as to. facts, or principles, the answer is, that this mistake must appear upon the face of the award; and in this case, there is no such ground of objection. Affidavits may be introduced, but they must tend to prove partiality, or misbehavior in the arbitrators, and not mistake in law, or fact. When an issue is to be tried, it is under the superintendance of the court, who will prevent the introduction of improper testimony; and if the verdict be against evidence, they will certify this together with the verdict, and the Chancellor will not be satisfied. If no such certificate be made, still the Chancellor will in some instances direct a new trial, on affidavits proving misbehavior in the jury, afterwards discovered: but this he will not do, upon affidavits tending to prove that the verdict is contrary to evidence. The parties, have in this instance substituted referees for the court and jury; and the question is, whether the party objecting to the report, is bound by it, as if it had been a verdict certified without exception, and must abide the consequence of his own act, in taking the case out of its legal course? or whether, he may bring the mis *458 taken principles on which the referees proceeded, before the court, as a ground for a new trial of the issue?
If the referees had certified the principles upon which they proceeded, there would seem to be no difficulty: it would come within the reason of those cases, where the' mistake is apparent upon the face of • the award. If the paper annexed to *the bill, were really evidence of those principles, it would produce the question, whether the mistake was thereby rendered apparent; and in that case, I should feel no difficulty. But, there is no proof of the ground upon which they proceeded. They once agreed to give a certificate, but afterwards refused. Whether they were right or wrong in doing so, is immaterial. The plaintiff having alledged that this paper contains the ground of the report, the only difficulty is, whether the Chancellor ought not to have suspended the confirmation of the report, until that fact was ascertained. On a thorough consideration of the subject, and of its consequences as a precedent, we think he was right, and affirm the decree.